United States District Court
Western District of Washington
Honorable John H. Chun

| | |
|---|---|
| Estate of Rena Flaherty (through Teresa Flaherty, personal representative),<br><br>Plaintiff,<br><br>v.<br><br>City of Kent, a Washington municipal corporation; Healthcare Delivery, Inc., a Washington for-profit corporation, d/b/a Healthcare Delivery Systems; Shannon Slack, an individual,<br><br>Defendants. | No. 2:26-cv-01569-JHC<br><br>Stipulation and Federal Rule of Evidence 502(d) and (e) Order |

Plaintiffs and Defendants (collectively, the "Parties") stipulate to the following provisions regarding Federal Rules of Evidence 502(d) and (e), and request the Court enter an order accordingly:

1. Recognizing that they will be required to produce information and documents in this litigation, the Parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to information and documents produced during discovery, including as against third parties.

2. This Stipulation is designed to foreclose any arguments that, irrespective of the care exercised by the producing party, the disclosure of information or documents, subject to a claim of protection or privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

(a) was not inadvertent by the producing party;

(b) that the producing party did not take reasonable steps to prevent the disclosure of privileged documents;

(c) that the producing party did not take reasonable or timely steps to rectify such disclosure; and/or

(d) that such disclosure acts as a waiver or forfeiture of applicable privileges or protections associated with such documents, either in this litigation or in any other federal or state litigation, government, or administrative proceeding, or other inquiry (*e.g.*, subpoena duces tecum).

3. Because the purpose of this Stipulation is to protect and preserve privileged and protected information and documents, the Parties agree this Stipulation shall be treated by the Parties as an Order of the Court from and after the date it is executed, even if that occurs prior to Court approval and entry of the Order.

4. If, in connection with this litigation and irrespective of the care exercised by the producing party, information subject to a claim of protection or privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege is inadvertently disclosed ("Disclosed Protected Information"), such disclosure shall in no way constitute the voluntary disclosure of the Disclosed Protected Information and shall not result in or be deemed a waiver or forfeiture of any privilege, evidentiary protection or other protection that the producing party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter, either in this litigation or in any other federal or state litigation, government or administrative proceeding, or other inquiry (*e.g.*, subpoena duces tecum).

5. A party may assert the privilege or evidentiary protection with respect to Disclosed Protected Information by giving notice. The notice must be in writing; however, it may be delivered orally on record at a deposition, promptly followed up in writing. The producing party's written notice will identify the Disclosed Protected Information by Bates range or hash value or other specific identifier, the privilege or protection claimed, and the basis for the assertion of the privilege or protection.

6. The party receiving the notice shall, within ten 10 days of receipt of that written notice, return or destroy all copies of the Disclosed Protected Information (along with any notes, abstracts, or compilations of the content thereof) and provide a certification of counsel that all such Disclosed Protected Information has been returned or destroyed. If Disclosed Protected Information has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Disclosed Protected Information extracted from the database. The receiving party's compliance with this section does not constitute acknowledgement of or acquiescence in the substantive claim of privilege or protection asserted by the producing party.

7. Within 10 days of the notice that such Disclosed Protected Information has been returned or destroyed, the party claiming privilege or protection of the Disclosed Protected Information shall produce a privilege log identifying the Disclosed Protected Information in accord with the governing requirements for a privilege log. If the producing party claims only a portion of the Disclosed Protected Information is privileged or protected, the producing party shall provide, along with the privilege log, a new copy of the Disclosed Protected Information with the allegedly privileged or protected portions redacted.

8. If information contained in the Disclosed Protected Information has already been used in or described in other documents generated or maintained by the receiving party prior to the receipt of written notice by the producing party, then the receiving party shall sequester such documents until the claim has been resolved. If the receiving party disbursed or shared the Disclosed Protected Information before being notified of its protected or privileged status, the receiving party must take reasonable steps to retrieve it and give the producing party notice and details of the disclosure to any nonparty.

9. Any party may submit the Disclosed Protected Information to the Court under seal for a determination of the claim of privilege or other protection (a "Privilege Motion"). The Privilege Motion shall be filed under seal and shall not assert waiver as a ground for entering such an order based solely on the fact or circumstances of the production of the Disclosed Protected Information. The receiving party is prohibited and estopped from arguing that:

(a) the disclosure or production of the Disclosed Protected Information acts as a waiver of an applicable privilege or evidentiary protection;

(b) the disclosure of the Disclosed Protected Information was not inadvertent;

(c) the producing party did not take reasonable steps to prevent the disclosure of the Disclosed Protected Information; and

(d) the producing party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

10. The party claiming privileges or protection bears the burden of establishing the privileged or protected nature of any Disclosed Protected Information. Nothing in this Order shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

11. Notwithstanding any provisions of this Stipulation, on a determination by the Court that the Disclosed Protected Information contains privileged information or attorney work product or other protected information, that Disclosed Protected Information (and all copies, notes, abstracts, or compilations of the content thereof) shall be immediately returned to the producing party or destroyed by the receiving party. The Court may also order the identification by the receiving party of Disclosed Protected Information by search terms or other means.

12. Nothing contained herein is intended to, or shall serve to limit, a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

13. By operation of the Parties' Stipulation, the Parties seek the protection of Federal Rule of Evidence 502(d) and (e). Accordingly, the Parties seek an Order stating that the provisions of Federal Rule of Evidence 502(b) shall not apply to the disclosure of communications or information in discovery in this matter.

Agreed to and Dated: March 12, 2026.

Connelly Law Offices, PLLC
*Attorneys for Plaintiff*

s/John B. McEntire, IV
John B. McEntire, IV, WSBA No. 39469
321 W. 8th Avenue
Spokane, Washington 99204
253-593-5100
jmcentire@connelly-law.com

Keating, Bucklin & McCormack, Inc., P.S.
*Attorneys for Defendant City of Kent*

s/ Ann E. Trivett
Ann E. Trivett, WSBA No. 39228
Thomas P. Miller, WSBA No. 34473
1201 Third Avenue, Suite 1580
Seattle, WA 98101
206-623-8861
atrivett@kbmlawyers.com
tmiller@kbmlawyers.com

Wilson Elser Moskowitz Edelman & Dicker LLP
*Attorneys for Defendants Healthcare Delivery, Inc. d/b/a Healthcare Delivery Systems and Shannon Slack*

s/ Sara Shapland
John C. Versnel, III, WSBA No. 17755
Sara R. Shapland, WSBA No. 49775
520 Pike Street, Suite 2350
Seattle, WA 98101
206-709-5900
john.versnel@wilsonelser.com
sara.shapland@wilsonelser.com

**Order**

The Court has reviewed the Parties' Stipulation to Adopt Agreement and Enter a Federal Rule of Evidence 502(d) and (e) Order. The Court finds good cause to grant the Parties' Stipulated Agreement and enter it as an order of this Court. Accordingly,

**IT IS HEREBY ORDERED** that the Parties' Stipulation is entered as an Order of this Court. The parties are afforded the protection of Federal Rule of Evidence 502(d) and (e). And the provisions of Federal Rule of Evidence 502(b) shall not apply to the disclosure of communications or information in discovery in this matter.

Dated: October 13, 2026.

John H. Chun
United States District Judge